NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE PENA, | : | |
| | : | Civil Action No. 20-16560 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Jose Pena's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 3). The Government filed a response to the motion (ECF No. 9), but Petitioner declined to file a reply. Also before the Court is the Government's motion seeking to have one of the exhibits to their answer sealed. (ECF No. 11). For the reasons set forth below, this Court will grant the Government's motion to seal, will grant Petitioner an evidentiary hearing solely as to his claim that counsel failed to file a notice of appeal following an explicit request, will deny Petitioner's remaining claims, and will deny Petitioner a certificate of appealability as to his denied claims.

**I.   BACKGROUND**

Following a narcotics investigation, Petitioner was arrested in the evening of December 18, 2018, after he was found in the driver seat of a Dodge Durango which also contained a large amount of narcotics which were clearly visible when federal agents approached the vehicle. (ECF No. 10 at 6-7). After his arrest, agents searched the Durango and found a stolen pistol which was

loaded with thirteen rounds of ammunition, more suspected narcotics, and twenty thousand dollars in cash. (*Id.* at 7). In total, 2.3958 kilograms of heroin were found in the vehicle. (*Id.*).

On June 19, 2019, Petitioner entered into a plea agreement with the Government through which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute more than a kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Docket No. 19-545 at ECF No. 14 at 1). In exchange for this guilty plea, the Government agreed not to file further charges against Petitioner, including charges for illegally possessing the stolen firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) which would have carried an additional consecutive sentence. (*Id.*). As part of that agreement, Petitioner also agreed to waive his appellate rights in relation to the drug conspiracy charge. (*Id.* at 3). The terms of that appellate waiver are as follows:

> [Petitioner] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file an appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31, subject to the applicable statutory mandatory minimum. [The United States Attorney's] Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(*Id.* at 8). In signing the plea agreement, Petitioner averred that he understood the terms of his

plea agreement fully after discussing the agreement with his attorney, and that he wished to plead guilty pursuant to the agreement.   (*Id.* at 6).

Petitioner appeared before this Court to plead guilty on July 31, 2019.  As part of that process, Petitioner submitted an application for permission to plead guilty.  (Docket No. 19-545 at ECF No. 13).  In that application, Petitioner affirmed that he understood the rights he was waiving by pleading guilty, had had his agreement explained to him by counsel, that counsel had discussed with him and that he understood the appellate waiver in his agreement, and that he wished to plead guilty.   (*Id.*).

During his plea hearing, Petitioner once again confirmed that he wished to plead guilty. (Document 1 attached to ECF No. 9 at 4-5).   Petitioner also affirmed that he understood the terms of his plea agreement and the rights he was waiving by pleading guilty, that counsel had explained the agreement and its terms to his satisfaction, and that neither his bipolar disorder nor his regular medication interfered with his ability to understand the plea agreement and the plea proceedings. (*Id.* at 5-20).   Petitioner's counsel further stated that he had "known [Petitioner] for many years" and had "no reason" to believe Petitioner was incompetent in any way.   (*Id.* at 21).   This Court also thoroughly explained the appellate waiver contained in the plea agreement to Petitioner, and Petitioner specifically stated that he understood the terms of the waiver and wished to plead guilty notwithstanding the appellate waiver.  (*Id.* at 18-20).  Based on these statements by Petitioner and this Court's evaluation of his responses to questioning, this Court found that Petitioner had knowingly and voluntarily entered into his plea agreement and accepted his guilty plea.   (*Id.* at 5-24).

This Court sentenced Petitioner on November 20, 2019.  (Document 2 attached to ECF

No. 9 at 2). In sentencing Petitioner, this Court accepted the recommended Guidelines level of 29 with a criminal history category of IV provided by Petitioner's presentence report, and sentenced Petitioner to the middle of the guidelines range to a term of 135 months imprisonment. (*Id.* at 14-16).

Petitioner did not request to file an appeal at his sentencing hearing, (*see id.*), nor did he ultimately appeal his plea or sentence. (ECF Docket No. 19-545 Docket Sheet). Instead, in November 2020, he filed his motion to vacate sentence in this matter. (ECF No. 1). In his motion to vacate sentence, Petitioner presents three claims[1] – that his plea counsel proved ineffective in failing to investigate whether a warrant was sought to track his phone prior to his arrest, that his guilty plea was not knowing or voluntary because his bipolar disorder and learning disabilities prevented him from understanding the plea or its terms including his appellate waiver and that counsel was ineffective in permitting him to proceed with his plea under the circumstances, and that his plea counsel proved ineffective in failing to file a notice of appeal despite his direct request that counsel do so. (*Id.*). Although Petitioner asserts that he both requested a notice of appeal be filed shortly after sentencing and then again by letter several months later, neither of the attorneys involved in representing Petitioner in his criminal matter have any recollection of Petitioner making such a request. (*See* Document Nos. 3-4 attached to ECF No. 9). Both attorneys further state that, had Petitioner requested they do so, they would have filed a notice of appeal on his behalf. (*Id.*).

---

[1] In his motion, Petitioner packages his assertion that he did not understand his plea proceedings as part of his claim that counsel failed to file a notice of appeal on his behalf.

4

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. Analysis

**1. An evidentiary hearing will be held only as to Petitioner's notice of appeal related ineffective assistance claim**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v.*

5

*Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's investigation and knowing and voluntary plea related ineffective assistance of counsel claims are clearly without merit for the reasons discussed below, no hearing is necessary as to those claims. Because this Court cannot resolve the factual dispute contained in Petitioner's claim that counsel failed to file a notice of appeal despite his alleged request that they do so this Court shall hold a hearing solely as to that claim for the reasons expressed below.

**2. Petitioner's ineffective assistance of counsel claims**

In his motion to vacate sentence Petitioner presents several claims asserting ineffective assistance of counsel. The standard applicable to such claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

Petitioner first contends that counsel failed to properly investigate the facts of his criminal matter, and that had counsel done so he might have discovered that the Government failed to obtain a warrant to track Petitioner using his cell phone. As courts in this District have explained,

7

[i]n *Strickland*, the Supreme Court held that trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691. "The failure to investigate a critical source of potentially exculpatory evidence may present a case of constitutionally defective representation," and "the failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness." *United States v. Travillion*, 759 F.3d 281, 293 n. 23 (3d Cir. 2014) (internal quotations omitted); *see also United States v Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (noting that a complete absence of investigation usually amounts to ineffective assistance because a counsel cannot be said to have made an informed, strategic decision not to investigate); *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980).

Where a Petitioner can show that counsel's failure to investigate amounts to deficient performance, he must still show prejudice. In order to do so,

> a defendant basing an inadequate assistance claim on his or her counsel's failure to investigate must make "a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming admissibility in court, would have produced a different result.

*United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (quoting *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987)); *see also United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) ("[w]hen a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced"); *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of Petitioner's case); *accord Untied States v. Garvin*, 270 F. App'x 141, 144 (3d Cir. 2008).

8

*Brown v. United States*, No. 13-2552, 2016 WL 1732377, at *4-5 (D.N.J. May 2, 2016).

Although Petitioner contends that he believes counsel *"*would have most likely" found a lack of a relevant warrant for his cell phone location data had counsel investigated the facts of Petitioner's crime, he provides nothing to support this assertion other than his own hope or belief. Contrary to Petitioner's allegations, however, the Government did seek and obtain a warrant for the relevant data.   (*See* Docket Nos. 18-mj-8254; 18-mc-285).   As a warrant was obtained for the relevant data, and Petitioner has not provided a showing that further investigation and discussion of the factual background of Petitioner's crimes would have altered the outcome of Petitioner's case, Petitioner has failed to show that counsel was ineffective in failing to investigate and discuss any discovery or factual background of this matter with Petitioner.   *Brown*, 2016 WL 1732344 at *4-5.   Petitioner's investigation/discovery related claim is therefore without merit and must be denied as such.

Petitioner next contends that, because of his bipolar disorder and an unspecified learning disability, Petitioner's guilty plea and waiver of his rights was not knowing or voluntary, and that counsel was ineffective in advising him as to the appellate waiver contained in his plea agreement. Criminal defendants have a "Sixth Amendment right to counsel, [which] extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).   To show that counsel's ineffectiveness robbed them of that right and warrants reversal of their conviction, such a defendant must first show that counsel's representation "fell below an objective standard of reasonablenss."   *Id.* at 163.   In addressing a guilty plea, counsel is required to provide a defendant with sufficient information that he can "make a reasonably informed decision whether to accept a plea offer."   *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) (quoting *Shotts v. Wetzel*,

9

724 F.3d 364, 376 (3d Cir. 2013); *see also Lafler*, 566 U.S. at 163; *Hill v. Lockart*, 474 U.S. 52, 57-58 (1985). Even where a petitioner can show that counsel gave erroneous advice, such advice will still not support an ineffective assistnace claim where an adequate plea hearing is conducted which corrects counsel's misadvice. *See, e.g., Bui*, 795 F.3d at 367 (quoting *Shedrick*, 493 F.3d at 299). Even if a petitioner can show that counsel was deficient, he must still show that he was prejudiced by counsel's failing by providing facts which indicate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [which i]n the context of pleas [requires] a [petitioner] show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. Petitioner here must therefore show that he would not have pled guilty had counsel's advice better informed him.

The Court notes that Petitioner's claims that his bipolar disorder or alleged unspecified learning disability prevented him from understanding the terms of his plea agreement and plea colloquy are directly belied by Petitioner's clear statements to this Court both in his application to plead guilty and during his plea hearing. A criminal defendant's "[s]olemn declarations in open court carry a strong presumption of verity," and the "subsequent presentation of conclusory allegations . . . [or] contentions that in the face of the record are wholly incredible" are insufficient to refute that presumption. *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977). Here, Petitioner clearly confirmed to this Court that he understood the terms of his plea agreement – including his appellate waiver – and the rights he was foregoing by pleading guilty, and directly affirmed that his mental issues and medication did not interfere with his ability to understand the plea proceeding in any way. Those statements are entitled to a strong presumption of truthfulness, and Petitioner's

10

bare unsupported allegations in his current motion are utterly insufficient to overcome that presumption in the face of his repeated clear statements to this Court.  *Id.*

Contrary to Petitioner's assertions, the record clearly indicates that Petitioner understood the terms of his plea agreement and freely chose to plead guilty.  Any incorrect or insufficient advice counsel may have given as to the appellate waiver were likewise clearly dispelled by this Court's thorough explanation of that waiver to Petitioner during the plea hearing, which Petitioner confirmed he understood.  Thus, Petitioner cannot show that counsel was deficient enough to warrant relief on this claim, and his claim that his plea was not knowing or voluntary, or that counsel failed to properly advise him as to his plea agreement are thus without merit.[2]

In his final claim, Petitioner contends that he requested that counsel file a notice of appeal on his behalf, and that counsel failed to do so.  In order to show that counsel was ineffective as to such a claim, Petitioner must show either that counsel was ineffective in failing to confer with him regarding an appeal or that he expressly indicated his desire to appeal and that counsel refused or failed to file an appeal on his behalf.  *See, e.g., Garza v. Idaho*, --- U.S. ---, 139 S. Ct. 738, 746 (2019).  A Petitioner will therefore establish an entitlement to relief where the petitioner can show "that, but for counsel's deficient failure to consult with him about an appeal [or to file an appeal after being directed to do so, the petitioner] would have timely appealed."  *Id.* at 747 (quoting *Roe*

---

[2] Although the Court need not reach the prejudice prong, the Court further notes that Petitioner has not alleged that he would not have pled guilty had he been "properly" advised as to his plea agreement.  Indeed, Petitioner specifically states in his brief in this matter that he "waived his right to an indictment and agreed to plead before the Court, but only because of the lingering [§] 924[(c)] charge if he didn't accept the plea being offered," (*see* ECF No. 1 at 28), indicating that Petitioner wished to plead guilty regardless because to refused to plead would have resulted in at least one additional charge and an additional sentence.  Petitioner has thus failed to show the outcome of the plea proceeding would have been different, and thus fails to establish prejudice on that basis.

*v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).   Where such a showing is made, this Court must presume prejudice in the form of the lost appeal, even where there is an otherwise applicable plea waiver which would apply and prevent a direct appeal from proceeding on the merits.  *Id.*   The petitioner need not show that the appellate claims he wishes to raise would not have been barred by his appellate waiver, nor must he show that his desired appellate claims are of any merit, the Supreme Court has clearly held that the loss of desired appellate proceedings is prejudice enough to warrant relief in the form of a *nunc pro tunc* appeal.   *Id.*; *see also Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001) (proper relief for a lost appeal ineffective assistance of counsel claim is to provide the petitioner with "the opportunity *nun pro tunc* to brief his direct appeal in full"). Where there is a factual dispute between the petitioner and his counsel as to whether the petitioner actually directed counsel to file an appeal or as to whether counsel should have known that Petitioner wished to file an appeal, an evidentiary hearing must be held to resolve that dispute. *Solis*, 252 F.3d at 295; *see also Flores-Ortega*, 528 U.S. at 487.

  Petitioner and his two attorneys have differing recollections of whether Petitioner requested to have a notice of appeal filed.   Petitioner contends that he not only requested an appeal be filed shortly after his sentencing, but also followed up with two letters in the spring of 2020 reiterating that request.   His two attorneys both disclaim any recollection of such a request and state that, had such a request been made, they would have filed the requested notice of appeal.   As such, there is a direct factual dispute over whether Petitioner requested a notice of appeal be filed, and this Court is compelled to hold an evidentiary hearing limited to that issue.   *Solis*, 252 F.3d at 295.

  As a hearing will be held on this issue, this Court is required by Rule 8(c) of the Rules Governing Section 2255 Proceedings to appoint counsel for Petitioner if he "qualifies to have

12

counsel appointed under 18 U.S.C. § 3006A." To qualify for the appointment of counsel for such purposes in light of this Court's finding that Petitioner's appeal claim is sufficient to warrant an evidentiary hearing, Petitioner must show that he is indigent. *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Thus, to the extent Petitioner wishes to have counsel appointed to represent him at the hearing, he should provide the Court with proof of his indigence within thirty days. Finally, because Petitioner's presentence report, currently filed under seal in this matter, contains sensitive information that is generally not available for public retrieval, and because Petitioner has not opposed the Government's motion, the Government's motion to seal Petitioner's PSR (ECF No. 11) is granted.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's involuntary plea and investigation claims are clearly without merit, Petitioner is denied a certificate of appealability as to those claims as jurists of reason would not conclude that those claims are adequate to deserve encouragement to proceed further.

## IV. CONCLUSION

For the reasons stated above, Petitioner's involuntary plea and investigation related ineffective assistance of counsel claims are **DENIED**, Petitioner is **DENIED** a certificate of appealability as to those claims, Petitioner is **GRANTED** a hearing as to his claim related to counsel's alleged failure to file a notice of appeal after an explicit request that he do so, and the Government's motion to seal (ECF No. 11) is **GRANTED**.   An appropriate order follows.


          s/ Stanley R. Chesler      
Hon. Stanley R. Chesler,
United States District Judge

Dated: August 12, 2021